# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANDY NICOLE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-801-STE |
| | ) |
| NANCY BERRYHILL, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for child's insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Commissioner's decision is **REVERSED AND REMANDED** for further administrative development.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, Administrative Law Judge (ALJ) Douglas S. Stults issued an unfavorable decision on May 10, 2016. (TR. 20-35). The

Appeals Council (AC) denied Plaintiff's request for review on May 30, 2017. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 12, 2013, the date Plaintiff attained the age of 18. (TR. 23). At step two, the ALJ determined that Ms. Johnson had the following severe impairments: major depressive disorder; borderline intellectual functioning; learning disorder; oppositional defiant disorder; reactive attachment disorder; and borderline personality disorder. (TR. 23). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 24-26). At step four, the ALJ concluded that Ms. Johnson retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels, but with the following non-exertional functional limitations: understand, remember, and carry out simple, repetitive, rote-type instructions: deal with only occasional changes in work processes and environment; perform a job that requires very little, if any, independent judgment; have no contact with the general public; have only incidental, superficial work-related type contact with coworkers and supervisors, i.e., brief, succinct, cursory, concise communication relevant to the task being performed; and cannot tolerate "teamwork" type jobs, in that the claimant cannot work in conjunction with a coworker on any particular job task or duty.

(TR. 26). The ALJ found that Plaintiff did not have any past relevant work. (TR. 33). At step five, the ALJ presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform given

her RFC. (TR. 33-35, 98-104). Given these limitations, the VE identified seven unskilled jobs Plaintiff could perform. (TR. 33-35).[1] The ALJ adopted the testimony of the VE, and found that Plaintiff was not disabled from her alleged onset date of July 13, 1995 through the date of the decision. (TR. 34-35).

## III. ISSUES PRESENTED

On appeal, Plaintiff alleges that the ALJ (1) did not meet his burden at step five of the sequential evaluation by finding that Plaintiff could perform jobs with work-related mental requirements that exceeded Plaintiffs RFC[2], and (2) further erred at step five by assessing Plaintiff as being capable of performing work that was "too skilled" for Plaintiff to perform. (ECF No. 21:7-12).

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

---

[1] The Commissioner concedes that the ALJ mistakenly included five of the jobs cited by the VE in the hearing decision, even though the VE clearly testified that Plaintiff could only perform two of the seven jobs cited in the decision given her RFC. (ECF No. 27:7). Commissioner maintains that this error is harmless because Plaintiff could still perform the two remaining jobs, document scanner and security systems monitor. *Id.*

[2] The substance of Plaintiff's first argument is that the ALJ erred by finding that Plaintiff could perform five unskilled jobs whose requirements exceed her RFC. (ECF No. 21:7-10). Since Commissioner concedes this point, the remainder of this order will address Plaintiff's second argument.

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. ALJ'S STEP FIVE EVALUATION

Plaintiff argues that the two remaining jobs cited by the ALJ - document scanner and security systems monitor – "require much more thinking than envisioned" by the RFC limitation restricting Plaintiff to a job requiring "very little, if any, independent judgment." (ECF No. 21:10). Plaintiff notes that both these jobs requiring a reasoning level of three, which requires an individual to

> Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

Dictionary of Occupational Titles (DOT), Appendix C, Section III. Plaintiff contends that her mental limitations prevent her from performing either of the two jobs cited by the ALJ, and argues that an individual restricted to simple, repetitive tasks "is restricted to jobs with a reasoning level of two (2) or less." (ECF No. 21:10).

To support this proposition, Plaintiff cites her school records and work history, which indicate a history of behavioral problems, and argues that the record is "replete" with testimony that Plaintiff is "impulsive, unstable, and cannot be trusted" when left on her own. (ECF No. 21:10-12). Plaintiff notes that her school assigned her a monitor to ensure her good behavior, and that given Plaintiff's past difficulties at work, no

hypothetical question posed to the VE would be complete without the inclusion of an RFC limitation involving a "job coach." (ECF No. 21:12).

The dispositive question in this case is whether Plaintiff could still perform the jobs of document scanner and security systems monitor given the mental restrictions in her RFC. During the hearing, the vocational expert testified that Plaintiff could perform both jobs. (TR. 102). Commissioner cites persuasive authority from the Eleventh Circuit that "found no inconsistency between unskilled work and the demands of jobs with a reasoning level of three." (ECF No. 27:10); citing *Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 873 (11th Cir. 2016) (unpublished).

Despite these arguments, binding Tenth Circuit case law is clear that an individual with mental limitations like those assessed by the ALJ in this case would likely be unable to perform a job that requires a reasoning level of three. The Tenth Circuit has held that an RFC limitation to simple and routine work tasks "seems inconsistent" with the level-three reasoning demands involved with the jobs of call-out operator and surveillance systems monitor, and that reasoning level two jobs appeared "more consistent" with Plaintiff's RFC. *Hackett v. Barnhart*, 295 F.3d 1168, 1176 (10th Cir. 2005). In this case, Plaintiff is not only restricted to performing "simple, repetitive, rote-type instructions", but the ALJ has assessed several other mental limitations, including the restrictions on independent judgment cited by Plaintiff. (TR. 26). The Tenth Circuit later repeated this reasoning, finding again that a level-three reasoning requirement "seems inconsistent" with a conclusion that an individual could "only do jobs which present simple, repetitive and routine tasks." *Pritchett v. Astrue*, 220 Fed. Appx. 790, 793 (10th Cir. 2007).

5

The Commissioner raises several arguments in support of the ALJ's decision, noting that the VE was clear that Plaintiff could perform the jobs of document scanner and security systems monitor given the mental restrictions in the RFC, and that Plaintiff has not shown any apparent conflict between the VE's testimony and the DOT. (ECF No. 27:9). The Commissioner further contends that the *Hackett* decision did not address Plaintiff's educational background and cites Social Security regulations which state that a high school education provides individuals with abilities that are "generally sufficient" to perform semi-skilled and skilled work. (ECF No. 27:10), citing 20 C.F.R. § 404.1564(b)(4); DOT Appendix C – Components of the Definition Trailer, 1991 WL 688702.

The Commissioner's reasoning is not correct. First, Plaintiff has alleged an inconsistency between the VE's testimony and the DOT with respect to whether the description of level three reasoning in the DOT would prevent Plaintiff from performing the jobs cited by the VE. Second, education is only one of several factors an ALJ and a VE must consider when determining whether a Plaintiff can perform work at a given skill level. Mental limitations, such as those contained in Plaintiff's RFC, will necessarily restrict Plaintiff's ability to perform skilled and semi-skilled work.

The Commissioner further urges the Court to decline Plaintiff's invitation to consider "only *one* of her RFC limitations", namely the use of the RFC limitation involving independent judgment in connection with "only *one"* of the DOT's specifications – namely the GED reasoning level. (ECF No. 27:10) (emphasis in original). The Court accepts the Commissioner's argument that all the potentially relevant mental restrictions in the RFC must be considered when assessing whether those restrictions would prevent Plaintiff

from performing a job with a reasoning level of three. However, as discussed above, Tenth Circuit jurisprudence is clear that individuals such as Plaintiff, who are restricted to performing "simple, repetitive, rote-type instructions" would likely be incapable of performing a job with a reasoning level of three. Plaintiff's additional mental limitations, especially those concerning independent judgment, make it even less likely that she would be capable of performing these jobs.

On remand, the ALJ and the VE should address whether Plaintiff can still perform the jobs document scanner and security systems monitor given the mental restrictions in her RFC that appear to preclude the possibility of her performing work at reasoning level three.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on July 5, 2018.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE